IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,897-01






EX PARTE MICHAEL BRUCE LAPE , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12-05-05234-CR IN THE 221ST DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is actually innocent based on laboratory testing that revealed the
substance he possessed was not a controlled substance. The trial court signed two sets of agreed
findings of fact and conclusions of law, finding that the substance Applicant possessed was not a
controlled substance, and concluding that Applicant is actually innocent of the offense. The trial
court recommended that relief be granted. However, the habeas record does not contain the report
of the laboratory testing from the Texas Department of Public Safety or any other evidence in
support of the findings. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the writ record with the DPS laboratory report and any other
documentation supporting its agreed findings of fact. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has supplemented the habeas
record, which shall be forwarded, along with any supplemental findings of fact and conclusions of
law, within 60 days of the date of this order. Any extensions of time shall be obtained from this
Court. 


Filed: February 13, 2013

Do not publish